Dear Chairman, Owen
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Does the Director of State Finance have authority under theOklahoma Budget Law of 1947 ( 62 O.S. 41.1 (1981) et seq., asamended) to disapprove or disallow salary increases voted by theOklahoma Police Pension and Retirement Board for its ExecutiveDirector and its Senior Police Fund Accountant?
¶ 1 We first note that the Oklahoma Police Pension and Retirement Board (OPPRB) is an agency of state government that derives its operating budget revenues from sources other than legislative appropriations. "All costs and expenses incurred in the operation, administration and management of the System shall be paid by the State Board from the monies of the fund" (11 O.S.50-133 (1988)). The "monies of the Fund" consist of contributions from the police officer members (see 11 O.S.50-110 (1981)), appropriations from participating municipalities (see 11 O.S. 50-109 (1981)), and certain ear-marked insurance premium taxes distributed by the Insurance Commissioner (see 36O.S. 312.1(b) (1988)). The OPPRB therefore is subject to the provisions of 62 O.S. 41.13 of the Budget Law which states:
 All departments, institutions, or agencies of the state which are operating either partially or entirely from revenues derived from sources other than legislative appropriations, shall file requests for allotments under the same provisions herein stated as are required for direct legislative appropriations which distinctly specify the amount appropriated. The Budget Director now Director of State Finance shall approve such requests for allotments on a line item basis, if the estimated revenues accruing to such fund are sufficient to finance such allotments within the period for which the items are approved, and if the account classification is sufficient to show the purposes for which the money is to be expended[.]
62 O.S. 41.13 (1981).
¶ 2 The Budget Law generally provides for the duties of the Director of State Finance, and more particularly and pertinently provides that "spending agencies" of the State must file "work programs" with the Director indicating how they except to spend their anticipated revenues (including appropriated funds) during an ensuing fiscal year. In considerably simplified terms, the Director then studies such programs and makes quarterly or other periodical "allotments" of funds for the main purpose of insuring that there will be no "overdraft or deficit" in the agencies' accounts during or especially by the end of the fiscal year. The Budget Act provides that legislative appropriations "shall not be available for contractual or expenditure purposes until allotted as provided in this act." See 62 O.S. 41.6 (1981).
¶ 3 It appears that the role of the Director in connection with spending agencies that derive their revenues from sources other than legislative appropriations is limited to determining that:
 1. "estimated revenues . . . are sufficient" for the time period concerned, and
 2. "the account classification" sufficiently shows "the purposes for which the money is to be expended."
¶ 4 Indeed, even with spending agencies deriving their revenues from legislative appropriations, the Director's role is limited to determining in addition to the above two items (1) that such agencies' work programs also are in accord with "the budget plan approved by the Legislature" and (2) that "current financial requirements" of the agencies "justifies sic the allotment to be made for each quarter, reserving a sufficient balance in the appropriation to finance the remaining quarters." See, 62 O.S.41.9 (1981).
¶ 5 We note also that with spending agencies that get lump sum appropriations for personal services the Director "shall not have authority to fix the amount of salary or eliminate any position" from a schedule of positions and salaries submitted by the agency. See 62 O.S. 41.11 (1981).
¶ 6 State officers and state employees have only such authority as is delegated to them by law. Tulsa Exposition and Fair Corp.v. Board of County Com'rs of Tulsa County, 468 P.2d 501 (Okla. 1970). Considering the statutes in the light of this rule, we conclude that the Director of State Finance is not authorized to disapprove or disallow salaries set by the OPPRB for its employees, including the Executive Director and the Senior Police Fund Accountant unless such salaries would cause the estimated revenues of OPPRB to be insufficient for salaries, or the salary account classifications of OPPRB do not sufficiently show the purpose for which the money will be expended.
¶ 7 Laws 1988, c. 248, § 3 (HB 1557, 41st Legislature, 2nd regular session, § 3), both authorized and mandated a five percent pay raise for state employees. We find nothing in the language of this section to show that it intended to provide a "cap" for pay raises for state employees. This section therefore does not affect our answer to your question.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that the Director of State Finance is not authorizedunder the Oklahoma Budget Law of 1947 (62 O.S. 41.1 (1981) etseq., as amended) to disapprove or disallow salary increasesotherwise validly approved for Oklahoma Police Pension andRetirement Board employees unless such salary increases wouldcause the Board's budget to exceed its estimated revenues orunless the Board's "work program" failed sufficiently to show"the purposes for which the money is to be expended."
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
HUGH H. COLLUM ASSISTANT ATTORNEY GENERAL